```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     v.<br><br>THOMAS PARK | HONORABLE JOSEPH E. IRENAS<br><br>CRIMINAL ACTION NO. 06-CR-425<br>            (JEI)<br><br>**OPINION** |

**APPEARANCES:**

Allen Harberg, Esq.
Office of the U.S. Attorney
401 Market Street
4th Floor
Camden, NJ 08101
     Counsel for United States of America

Jerome M. Brown, Esq.
1628 J.F.K. Blvd., Suite 1000
Philadelphia, PA 19103
     Counsel for Defendant, Thomas Park


**IRENAS**, Senior District Judge:


     Before the Court is Defendant Thomas Park's motion for an Order recommending that the Federal Bureau of Prisons ("BOP") place Defendant in a Community Corrections Center ("CCC") for a period in excess of one month.  For the reasons set forth below, the Court will deny the motion.

1

I.

On June 6, 2006, Defendant pled guilty to a violation of 18 U.S.C. § 1341 for using the United States Postal Service to execute a fraudulent scheme.  On February 21, 2007, Defendant was sentenced to one year and one day in prison, three years supervised release, and restitution in the amount of $547,419.  Defendant has been held at the Federal Correctional Institution at Loretto, Pennsylvania since April 13, 2007.  The BOP is scheduled to release Defendant to a CCC on January 28, 2008.  Defendant seeks release to a CCC placement in September, 2007.

II.

The relevant statute is 18 U.S.C. § 3624(c), which states, in pertinent part,

> The [BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) grants the BOP authority to determine "the place of the prisoner's imprisonment," and lists several factors that it may take into account when making such a determination.  The factors include "any statement by the court that imposed the sentence" concerning the purpose of the imposed sentence to imprisonment or recommending a particular type of

correctional facility.  18 U.S.C. § 3621(b)(4)(A)-(B).

    Defendant relies extensively on *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), in arguing that this Court should recommend a longer CCC placement than the BOP intends to provide.  In *Woodall*, the defendant was sentenced to thirty months imprisonment for possession of a controlled substance and for violating the terms of his supervised release.  *Id.* at 238.  Five months later, the sentencing judge entered an order amending the earlier sentence, which recommended that the BOP allow defendant to spend the last six months of his sentence in a CCC.  *Id.*  However, as a result of new BOP regulations, the BOP refused to provide defendant with a CCC placement in excess of ten percent of his total sentence.  *Id.*  In holding the regulations invalid, the Third Circuit stated that "the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b)," which include any statement made by the court that imposed the sentence.  *Id.* at 244.

    Here, unlike in *Woodall*, there was no statement by this Court at the time of Defendant's sentence, or thereafter, recommending a particular correctional placement.  As the Government argues, and as was the case in *Woodall*, such a recommendation at this time would have to be effectuated by an Order *amending Defendant's sentence*, not an Order independently recommending how the BOP should exercise its discretion under

3

§ 3621(b).[1]  Since this Court has made no statement regarding Defendant's placement, it is clear that the BOP has not violated the holding of *Woodall* in reaching its determination that Defendant should receive a one-month CCC placement.  The BOP has not failed to follow the statutory guidelines of 18 U.S.C. §§ 3621(b) and 3624(c).

Furthermore, even if this Court had the authority to amend Defendant's sentence, it would not do so.  Defendant's argument that he should receive a longer CCC placement due to the financial and emotional hardships his family currently faces is not persuasive.  Such hardships are no different from those faced by any defendant sentenced to a term of imprisonment.  Defendant's inability to economically support his family and the emotional pain suffered by his wife and son as a result of his imprisonment are things he should have considered before engaging in the illegal conduct that resulted in his sentence.  The intent of a CCC placement pursuant to 18 U.S.C. § 3624(c) is to afford a prisoner a reasonable opportunity to prepare for re-entry into the community.  The intent is not to alleviate hardships endured by all prisoners.  This Court finds that a one-month CCC

---

[1]  It is not clear to this Court, based on the arguments presented, that an amendment to Defendant's sentence is permitted under 18 U.S.C. § 3582(c), which governs modification of an imposed term of imprisonment.  Contrary to Defendant's assertion, an Order recommending a six-month CCC placement would entail a modification under § 3582(c) because it would reduce Defendant's time in federal prison by approximately five months.

placement for a term of imprisonment of less than one year is more than sufficient to satisfy the intent of the statute.

### III.

For the reasons set forth above, the Court will deny Defendant's motion for an Order recommending a longer CCC placement.  The Court will issue an appropriate Order.

Dated: September <u>10th</u>, 2007

<u>s/ Joseph E. Irenas</u>

**JOSEPH E. IRENAS, S.U.S.D.J.**

5